UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLTON PETER ROZANDS, JR. AND JUNE BERGERON ROZANDS,** Individually and as Co-Administrators of the Estate of Christopher Cooper Rozands and As Provisional Tutors of the Minor Child, **CCR** | **CIVIL ACTION NO:  21-cv-00867** |
| **VERSUS** | **JUDGE:** |
| **SEACOR MARINE, LLC, SEACOR LIFTBOATS, LLC, TALOS ENERGY, LLC, and SEMCO, LLC** | **MAG JUDGE:** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Charlton Peter Rozands, Jr. and June Bergeron Rozands, individually and as co-administrators of the Estate of Christopher Cooper Rozands, persons of the full age of majority, and as Provisional Tutors of the minor child of decedent, CCR, all residents of the Parish of Terrebonne, State of Louisiana, who allege as follows:

### I. DEFENDANTS

1. Made defendants herein are:

    a) **SEACOR MARINE, LLC**, a foreign corporation subject to the jurisdiction of this Court, hereinafter referred to as "SEACOR MARINE";

    b) **SEACOR LIFTBOATS, LLC**, a foreign corporation subject to the jurisdiction of this Court having a principal place of business in Morgan City, Louisiana, hereinafter referred to as "SEACOR LIFTBOATS";

1

    **c)**    **TALOS ENERGY, LLC,** a foreign corporation subject to subject to the jurisdiction of this Court, hereinafter referred to as "TALOS"; and

    **d)**    **SEMCO, LLC,** a Louisiana limited liability company subject to the jurisdiction of this Court with its principal place of business in Lafitte, Louisiana, (hereinafter referred to as "SEMCO".

## II. JURISDICTION

2. The claim is maintained under the Jones Act (46 U.S.C. § 30104) and/or the general maritime laws of the United States and/or 33 U.S.C.A. § 902, et seq. 905 (b) as decedent, Christopher Cooper Rozands, died due to the negligence of defendants on or near the *SEACOR POWER* and/or the Talos Platform.

## III. FACTS

3. On Tuesday, April 13, 2021, Christopher Copper Rozands, an employee of Major Equipment and Remediation (hereinafter referred to as "MAJOR"), was en route to the Talos Energy platform located in the Gulf of Mexico. He was traveling from Port Fourchon via Seacor Marine and/or Seacor Liftboats' *SEACOR POWER* vessel/boat at the time of the incident made issue herein.

4. At all material times herein, Christopher Cooper Rozands was working as an employee of Major and was to perform services either on the *SEACOR POWER* and/or the Talos platform or both.

5. At all material times herein, the *SEACOR POWER* was a vessel in navigation within the meaning of Maritime Law.

6. Despite numerous warnings of impending severe weather conditions developing, including tropical storm force winds and increased wave action in the Gulf of Mexico, the *SEACOR*

*POWER* was directed to leave Port Fourchon by its charterer, Talos, and/or by its owners, Seacor Marine and/or Seacor Liftboats.

7. After leaving Port Fourchon, the *SEACOR POWER* encountered the very weather conditions it had been warned about and because of such and the *SEACOR POWER's* design not being for navigation under severe weather conditions, the *SEACOR POWER* capsized causing the death of Christopher Cooper Rozands.

8. Defendants, Seacor Marine, Seacor Liftboats, Talos, and Semco are responsible for the safe operation, design and building of the *SEACOR POWER* and owed a duty to the deceased and all aboard to provide a safe environment for both work and transport and were negligent in failing to carry out that duty.

9. Defendants, Seacor Marine, Seacor Liftboats, Talos, and Semco were negligent in failing to provide decedent, Christopher Cooper Rozands, adequate lifesaving equipment that ultimately contributed to his death.

10. Plaintiffs assert that the herein named defendants are liable for the actions and omissions of their employees and agents that resulted in Christopher Cooper Rozands' death.

11. Plaintiffs, Charlton Peter Rozands, Jr. and June Bergeron Rozands, are the paternal grandparents of CCR and are appearing herein individually and as co-administrators of the Estate of Christopher Cooper Rozands, and as the Provisional tutor of Christopher Cooper Rozands' only son, CCR.

12. Plaintiffs herein reserve the right to assert acts of omission, commission, unseaworthiness and/or negligence as may emerge during discovery in this matter.

## IV. CAUSES OF ACTION

13. The Outer Continental Shelf Lands Act provides for the application of state law as surrogate federal law on the Outer Continental Shelf. In addition, Plaintiffs make all available claims under Louisiana law to the extent it may apply.

14. Plaintiffs therefore make a claim against all Defendants for negligence per the Louisiana law of negligence found in La. Civil Code art. 2315. Defendants were negligent in failing to design, build and provide Christopher Cooper Rozands a safe place to work, negligent in failing to properly adhere to the weather warnings and conditions, and negligent in failing to provide an adequate and proper safety equipment and response that could have saved Christopher Copper Rozands' life.

15. Plaintiffs make a claim for punitive or exemplary damages under the General Maritime Law, as the actions of Defendants were grossly negligent. Defendants acted with flagrant, reckless disregard for the life and safety of the deceased Christopher Cooper Rozands' health and safety.

16. Plaintiffs assert all additional causes of action that may be available to him under Louisiana law, the Outer Continental Shelf Lands Act and the General Maritime Law of the United States, and 905(b) under the Longshore and Harbor Workers Compensation Act.

17. Decedents death was caused by the unseaworthiness of the *SEACOR POWER* in the following, but not limited, acts:

    a)  failure to equip the *SEACOR POWER* with the adequate safety equipment;

    b)  failure to take the necessary precautions and steps to avoid the severe weather thus putting the lives of the crew and passengers at risk;

    c)    failure to have proper safety guidelines for the vessel in dangerous weather conditions;

    d)    such other acts of negligence and/or omissions and/or acts of unseaworthiness as may be shown at the trial herein or developed through discovery.

18. Talos was negligent for causing and/or contributing to Christopher Cooper Rozands' death in the following non-particular ways:

    a)    Talos breached the duty to use reasonable care and prudence when ordering the *SEACOR POWER* to leave the dock;

    b)    As charterer, Talos has a duty and responsibility to the *SEACOR POWER*, its equipment and the personnel on board for their safe travel to and from its platform. Said duty was breached by its actions in ignoring the severe weather conditions in the Gulf of Mexico;

    c)    Such other acts of negligence and/or omissions as may be shown at the trial of this matter.

19. Semco was negligent for causing and/or contributing to Christopher Cooper Rozands' death in the following non-particular ways:

    a)    Failing to design the *SEACOR POWER* so that it would remain stable and not capsize in rough weather;

    b)    Failing to consider the use, purpose and weather conditions the *SEACOR POWER* may encounter when designing, building and equipping it;

    c)    Failing to design, build and equip a seaworthy vessel/boat, the *SEACOR POWER*, that would remain seaworthy and not capsize when encountering rough seas and/or winds;

    d) Such other acts of negligence and/or omissions as may be shown at the trial of this matter.

20. Plaintiffs herein affirmatively plead the doctrine of *res ipsa loquitur* to the facts of the accident made the basis of this litigation.

## **DAMAGES**

21. As a consequence of the unseaworthiness, negligence, actions, and omissions of the Defendants, Plaintiffs, Charlton Peter Rozands, Jr. and June Bergeron Rozands, individually and as Co-Administrators of the Estate of Christopher Cooper Rozands and as Provisional Tutors of the minor child, CCR, assert claims for damages in excess of $35,000,000.00, which damages include but are not limited to the following:

    a) General survival damages including pre-death physical pain and suffering, pre-death mental pain, conscious suffering, anguish, discomfort, fear of drowning, and fear of death experienced by Christopher Cooper Rozands;

    b) Funeral, medical, and other expenses related to Christopher Cooper Rozands' death;

    c) Past and future loss of wage and earning capacity and accumulation of estate;

    d) Individual losses, including loss resulting from emotional distress, loss of love and affection, loss of past and future support, and the value of past and future services rendered by the decedent;

    e) Loss of past and future fringe benefits;

    f) All other customary wrongful death and survival damages;

    g) Punitive/exemplary damages for the actions of Defendants; and

h) All other damages which may be proven at the trial of this matter or discovered prior to trial.

## VI.  TRIAL BY JURY

22. Plaintiffs assert their demand for a trial by jury.

## VII.  PRAYER

23. Wherefore, Plaintiffs, Charlton Peter Rozands, Jr. and June Bergeron Rozands, individually and as Co-Administrators of the Estate of Christopher Cooper Rozands and as Provisional Tutors of the minor child, CCR, pray for judgment against the Defendants, Seacor Marine, LLC, Seacor Liftboats, LLC, Talos Energy, LLC, and Semco, LLC, jointly and in solido, as follows:

a) In favor of Charlton Peter Rozands, Jr. and June Bergeron Rozands, individually and as Co-Administrators of the Estate of Christopher Cooper Rozands and as Provisional Tutors of the minor child, CCR, for such damages, including punitive/exemplary damages, as are reasonable for the death of Christopher Cooper Rozands;

b) In favor of Charlton Peter Rozands, Jr. and June Bergeron Rozands, individually and as Co-Administrators of the Estate of Christopher Cooper Rozands and as Provisional Tutors of the minor child, CCR, for such damages as a reasonable for the injuries suffered by the decedent, Christopher Cooper Rozands;

c) Legal Interest on the amounts prayed for from date of judicial demand until paid and all costs of these proceedings;

d) For trial by jury; and

e) For all general and equitable relief to which they may be entitled.

Respectfully submitted by:

/S/Hunt Downer
HUNT DOWNER, T.A. (La. Bar #05046)
JOSEPH L. WAITZ, JR. (La. Bar #17848)
MARY W. RIVIERE (La. Bar #19201)
JOSEPH L. WAITZ, III (La. Bar #36069)
WAITZ AND DOWNER
423 Goode Street
Houma, LA 70360
Telephone: 985-876-0870
Facsimile: 985-876-0213
Attorneys for Plaintiffs

**PLEASE SERVE:**

1) **SEACOR MARINE, LLC**
   through its registered agent for service:
   NATIONAL REGISTERED AGENTS
   3867 Plaza Tower Dr.
   Baton Rouge, LA 70816

2) **SEACOR LIFTBOATS, LLC**
   through it registered agent for service:
   NATIONAL REGISTERED AGENTS
   3867 Plaza Tower Dr.
   Baton Rouge, LA 70816

3) **TALOS ENERGY, LLC**
   through its registered agent for service:
   C T CORPORATION SYSTEM
   3867 Plaza Tower Dr.
   Baton Rouge, LA 70816

4) **SEMCO, LLC**
   through its registered agent for service:
   JOHN POWERS
   186 Jean Lafitte Blvd.
   Lafitte, LA 70067